UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT F. RIGGINS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| WELLS FARGO BANK, N.A., | § | SA-10-CV-0293 XR (NN) |
| OPTION ONE MORTGAGE CO., | § | |
| AMERICAN HOME MORTGAGE | § | |
|   SERVICING, INC., | § | |
| HIGHLAND CAPITAL LENDING, INC., | § | |
| FREEDOM LENDING, | § | |
| MACKIE, WOLF & ZIENTZ, | § | |
| ROBERT D. VALDESPINO, | § | |
| TROY MARTIN, | § | |
| DEBORAH MARTIN, | § | |
| BRENDA ROLON, | § | |
| KATHLEEN VARGAS, | § | |
| RON BEDFORD, | § | |
| MICHAEL W. ZIENTZ, | § | |
| KATHY SMITH, | § | |
| MARTIN ALLEN, | § | |
| CHARLES RAMSEY, | § | |
| DIBRELL WALDRIP, | § | |
| JOHN and JANE DOES 1-1000, | § | |
| L. KELLER MACKIE, | § | |
| BRANDON WOLF, | § | |
| | § | |
| Defendants. | § | |

## SHOW CAUSE ORDER

This order directs plaintiff Robert F. Riggins to show cause why this case should not be

dismissed for failing to state a claim upon which relief may be granted.

Plaintiff Robert F. Riggins, pro se, filed suit against multiple Defendants seeking

declaratory and injunctive relief. It appears that Riggins is challenging the foreclosure of property

and the procedures related to foreclosure.  In his original complaint, Riggins sought to sue 18

named defendants and 1,000 John Doe defendants for numerous causes of action.  Riggins then

asked the court to stay the execution of a state-court order authorizing the foreclosure sale of his

home. Although the original complaint did not expressly mention the state-court order or the

forced sale of his home, his pleadings show that he seeks to avoid the state-court order.  There

are at least three reasons Riggins's claims fail to state a claim upon which relief may be granted.

The first reason is that Riggins lacks standing to pursue relief on behalf of others.

"[S]tanding raises the issue of whether the plaintiff is entitled to have the court decide the merits

of the dispute or of particular issues."[1]  To have standing, "[a] plaintiff must allege personal

injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by

the requested relief."[2]  A plaintiff "generally must assert his own legal rights and interests, and

cannot rest his claim to relief on the legal rights or interests of third parties."[3]  The party invoking

federal jurisdiction bears the burden of establishing the[] elements [of standing].[4]

In the original complaint, Riggins sought relief for "himself, wife, and all other natural

persons and citizens of the State of Texas who pay mortgages in the State of Texas. . . ."[5]

Consistent with that representation, Riggins referred to "plaintiffs" throughout his complaint,

indicating that he sought relief on behalf of others.  Riggins has standing to bring claims on his

---

[1] *Pederson v. Louisiana St. Univ.*, 213 F.3d 858, 869 (5th Cir. 2000).

[2] *Allen v. Wright*, 468 U.S. 737, 751 (1984).

[3] *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

[4] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

[5] Docket entry # 7, p. 1.

2

own behalf, but he lacks standing to bring claims on behalf of his wife and other persons who pay mortgages in Texas.  To the extent Riggins sought relief on behalf of himself, the only personal injury Riggins complained about is the foreclosure sale of his home.  As discussed below, this court lacks jurisdiction to consider that injury.

The second reason Riggins's claims fail is lack subject matter jurisdiction.  Under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction to entertain a collateral attack on a state-court order.[6]  "When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review."[7]  "The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'"[8]

The issues raised by Riggins in this case are inextricably intertwined with the state-court order permitting the foreclosure sale of Riggins's home.  Prior to this lawsuit, defendant Wells Fargo Bank applied for a home equity foreclosure.[9]  In the application, Wells Fargo explained that Riggins and his wife borrowed money against the equity in their home[10] and defaulted on the note.  Wells Fargo sought to foreclose on the note and sell the home at public auction.  Wells

---

[6]*See Liedtke v. St. Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

[7]*Davis v. Bayless,* 70 F.3d 367, 375-76 (5th Cir. 1995).

[8]*Liedtke*, 18 F.3d at 317.

[9]*See* docket entry # 10, exh. 1.

[10]Riggins provided a copy of the note.  *See* docket entry # 17, exh. 1.

3

Fargo named defendants Robert D. Valdespino, Troy Martin, Deborah Martin, Brenda Rolon, Kathleen Vargas, Ron Bedford, and Michael Zientz as trustees for the auction.  On March 1, 2010, the presiding judge of the 433d Judicial District Court, Comal County, Texas—defendant Charles Ramsey—granted the application, authorizing Wells Fargo to proceed with the foreclosure sale.[11]  As part of the foreclosure proceeding, Riggins likely appeared before defendant Judge Dibrell Waldrip, because Riggins complained that Waldrip "failed to provide impartiality to the plaintiff in a court setting. . . ."[12]  Although references to the state-court proceeding are vague in the original complaint, Riggins complained about Wells Fargo's lawsuit and the appointment of trustees.[13]  He further complained about being denied due process by Judges Ramsey and Waldrip and not having the opportunity to be heard.[14]  These allegations show that Riggins seeks review of the state-court order.

Riggins purported to amended his complaint in response to Wells Fargo's motion to dismiss and confirmed that he challenges the state-court order.  In the response, Riggins stated that he "had a case, Comal County District Court, case no. C-2010-0090-D brought by WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF SOUNDVIEW HOME LOAN TRUST 2007-OPT5 . . . in a home foreclosure case."[15]  Riggins complained about how defendant law firm Mackie, Wolf and Zientz aided and abetted in foreclosing on his home

---

[11]*See* docket entry # 10, exh. 2.  *See also* docket entry # 27, exh. G.

[12]Docket entry # 7, ¶ 13.

[13]*Id*., ¶¶ 34-36.

[14]*Id*., ¶ 37.

[15]Docket entry # 16, ¶ 1.

4

and that he had not signed a mortgage note with Wells Fargo.  He also complained about defendant Kathy Smith[16] as trustee for the sale,[17] and explained why he believed the sale was unlawful[18] and constituted a RICO violation.[19]

Casting his complaint in the form of a civil rights action cannot overcome the jurisdictional bar.  In the original complaint, Riggins complained about "Deprivation of Rights, Deprivation of Rights Under Color of Law, Civil Action for Deprivation of Rights, . . . [and] Denial of Liberty Interest. . . ."[20]  He sought "protection of their due process rights and redress for injuries . . . and protections of the 14th Amendment."[21]  By so pleading, Riggins indicated he brought a civil rights action.  Civil rights allegations will not overcome the jurisdictional bar. Riggins may not use a civil rights action to collaterally attack the state-court order.  Riggins could have sought review of the state-court order by appealing in state court, but he cannot obtain that review in federal court.

The third reason Riggins's claims fail is that Riggins cannot use this lawsuit to avoid the bankruptcy court's order.  The bankruptcy court may hear and determine bankruptcy cases, to include core proceedings.[22]  That authority includes "counterclaims by the estate against persons

---

[16]Kathy Smith signed the assignment of note and deed of trust, assigning Riggins's loan from Option One Mortgage Corporation to Wells Fargo Bank. *See* docket entry # 27, exh. C.

[17]Docket entry # 16, ¶¶ 11-13.

[18]*Id.*, ¶¶ 14-16.

[19]*Id.*, ¶¶ 17-22.

[20]Docket entry # 7, ¶ 23.

[21]*Id.*, ¶ 25.

[22]28 U.S.C. § 157.

filing claims against the estate;" "orders to turn over property of the estate;" and "motions to terminate, annul, or modify the automatic stay."  Riggins's claims fall within these categories.

Riggins sought protection from his creditors in bankruptcy court prior to filing this lawsuit.[23]  As part of that proceeding, defendant attorney Michael W. Zientz, on behalf of defendant American Home Mortgage Servicing, Inc., asked for relief from the automatic bankruptcy stay to permit American Home Mortgage Servicing, Inc. to foreclose on Riggins's home.[24]  Riggins responded by making many of the allegations made in this case, alleging that American Home Mortgage Servicing, Inc. had committed theft, fraud, fraudulent concealment, fraudulent conveyance and conversion.  He further complained about complicity by defendants Capital Lending, Inc., Option One Mortgage Inc., and Wells Fargo Bank NA.[25]  The bankruptcy judge lifted the stay, permitting American Home Mortgage Servicing, Inc. to foreclose on the property.  Riggins then filed this lawsuit.  By challenging the same matters in this lawsuit as in the bankruptcy proceeding, Riggins showed that he seeks to circumvent the bankruptcy judge's order lifting the bankruptcy stay to permit the foreclosure sale.  To the extent that Riggins seeks to appeal the bankruptcy judge's order, the bankruptcy rules provide for appeals of bankruptcy orders.  Riggins has not complied with those rules.

Court's order.  Riggins is ORDERED to show cause in writing why this case should not be dismissed for failing to state a claim upon which relief may be granted.  Riggins should address the following grounds for dismissal: (1) Riggins lacks standing to sue on behalf of

---

[23]Riggins was previously discharged in bankruptcy court in 1999.

[24]Cause No. 10-50894-rbk, docket entry # 19 (Bankr. W.D. Tex. Mar. 23, 2010).

[25]*Id*., docket entry # 22, Apr. 19, 2010.

others, (2) Riggins's claims are barred by the *Rooker-Feldman* doctrine, and (3) Riggins may not avoid the bankruptcy judge's order lifting the automatic stay to permit the foreclosure sale of his home in this lawsuit.  Riggins must file his response by August 9, 2010.  If Riggins fails to respond by that deadline, I will recommend dismissing this case for lack of standing, as barred by *Rocker-Feldman* doctrine, as an attempt to circumvent the bankruptcy judge's order, for failing to comply with a court order and for failing to prosecute.[26]

**SIGNED** on July 27, 2010.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[26]*See* Fed. R. Civ. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir.  1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").