## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ROBERT F. RIGGINS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **WELLS FARGO BANK, N.A.,** | § | **SA-10-CV-0293 XR (NN)** |
| **OPTION ONE MORTGAGE CO.,** | § | |
| **AMERICAN HOME MORTGAGE** | § | |
| **SERVICING, INC.,** | § | |
| **HIGHLAND CAPITAL LENDING, INC.,** | § | |
| **FREEDOM LENDING,** | § | |
| **MACKIE, WOLF & ZIENTZ,** | § | |
| **ROBERT D. VALDESPINO,** | § | |
| **TROY MARTIN,** | § | |
| **DEBORAH MARTIN,** | § | |
| **BRENDA ROLON,** | § | |
| **KATHLEEN VARGAS,** | § | |
| **RON BEDFORD,** | § | |
| **MICHAEL W. ZIENTZ,** | § | |
| **KATHY SMITH,** | § | |
| **MARTIN ALLEN,** | § | |
| **CHARLES RAMSEY,** | § | |
| **DIBRELL WALDRIP,** | § | |
| **JOHN and JANE DOES 1-1000,** | § | |
| **L. KELLER MACKIE,** | § | |
| **BRANDON WOLF,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>REPORT AND RECOMMENDATION</u>

**TO:    Honorable Xavier Rodriguez**
**United States District Judge**

This report and recommendation recommends dismissing this case.  I have authority to

enter this report and recommendation under 28 U.S.C. § 636(b) and the district judge's order of

referral.[1]

**Nature of the case**.  Plaintiff Robert F. Riggins, pro se, filed suit against multiple defendants seeking declaratory and injunctive relief.  In his original complaint, Riggins sought to sue 18 named defendants and 1,000 John Doe defendants for numerous causes of action.[2]  Riggins complained about the foreclosure of property and procedures related to property foreclosures.  Riggins asked the court to stay the execution of a state-court order authorizing the foreclosure sale of his home.[3]  In response, numerous defendants moved to dismiss this case for failing to state a claim.[4]  Riggins responded to one of the motions[5] and then twice purported to amend his

---

[1]Docket entry # 30.

[2]Docket entry # 7.

[3]Docket entry # 8 (Riggins's petition to stay execution of state court judgment, stating that he had sought relief in bankruptcy court).

[4]Docket entry # 10 (motion to dismiss by Comal County Judges Charles Ramsay and Dibrell Waldrip, stating that Riggins's claims against them arise out of proceedings involving the foreclosure sale of Riggins's home over which they presided and asserting Eleventh Amendment immunity); docket entry # 12 (motion to dismiss by Wells Fargo, N.A., American Home Mortgage Servicing and Kathy Smith, asserting various reasons Riggins's allegations fail to state a claim upon which relief may be granted); docket entry # 18 (motion to dismiss by Mackie, Wolf & Zientz, P.C.; Robert D. Valdespino; Troy Marin, Deborah Martin, Brenda Rolon; Ron Bedford; L. Keller Mackie; and Michael W. Zientz, incorporating the reasoning of Wells Fargo's motion to dismiss); docket entry # 21 (motion to dismiss by Martin Allen stating that he is the Comal County District Court Administrator and complaining that Riggins's complaint does not give him notice of the allegations against him); docket entry # 25 (motion to dismiss plaintiff's amended complaint by Judges Ramsay and Waldrip asserting judicial immunity); docket entry # 26 (motion to dismiss plaintiff's amended complaint by Wells Fargo, N.A., American Home Mortgage Servicing and Kathy Smith, complaining that Riggins has made only implausible, speculative, conclusory allegations).  Subsequently, another motion was filed.  *See* docket entry # 39 (motion to strike plaintiff's second amended complaint by Judges Ramsay and Waldrip).

[5]Docket entry # 15.

complaint.[6]  The district judge then referred the case to me.

Because Riggins's pleadings indicated that Riggins challenges a state-court order authorizing the forced sale of his home, I issued a show cause order discussing the reasons Riggins's allegations fail to state a claim.  I directed Riggins to show cause in writing by August 9, 2010 why this case should not be dismissed for the reasons discussed in the order.  I warned Riggins that if he failed to respond by August 9, 2010, I would recommend dismissing this case for the reasons discussed in the show-cause order, and for failing to comply with a court order and failing to prosecute.[7]

The August 9, 2010 deadline passed.  Riggins did not respond.  To the extent that Riggins may later claim an inability to respond by the deadline, such inability is unlikely because Riggins filed a pleading in his bankruptcy proceeding on August 6, 2010.  To the extent that Riggins may claim that he did not receive the show-cause order, that is unlikely also because the address Riggins provided to the bankruptcy court is the same address he provided to this court.  If Riggins received bankruptcy filings at the address, he likely received my show-cause order.

**Standard for a Motion to Dismiss**.  A defendant in a civil action may move to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted."[8]

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  "Factual allegations must be enough to raise a right to relief above the speculative level, on the

---

[6]Docket entry #s 16 & 27.

[7]*See* Fed. R. Civ. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir.  1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").

[8]Fed. R. Civ. P. 12(b)(6).

assumption that all the allegations in the complaint are true (even if doubtful in fact)."[9] When considering a motion to dismiss, if the motion appears meritorious and a more carefully drafted complaint might cure any deficiencies, the district court must first "give the plaintiff an opportunity to amend his complaint, rather than dismiss it . . . ."[10]

**Why Riggins's allegations fail to state a claim**.  There are at least three reasons Riggins's allegations fail to state a claim upon which relief may be granted.

<u>Lack of standing</u>.  The first reason Riggins's allegations fail to state a claim is that Riggins lacks standing to pursue relief on behalf of others.  "[S]tanding raises the issue of whether the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues."[11]  To have standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."[12]  A plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."[13]  The party invoking federal jurisdiction bears the burden of establishing the[] elements [of standing].[14]

In the original complaint, Riggins sought relief for "himself, wife, and all other natural

---

[9]*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

[10]*Fuller v. Rich*, 925 F. Supp. 459, 461 (N.D. Tex. 1995).

[11]*Pederson v. La. St. Univ.*, 213 F.3d 858, 869 (5th Cir. 2000).

[12]*Allen v. Wright*, 468 U.S. 737, 751 (1984).

[13]*Warth v. Seldin*, 422 U.S. 490, 499 (1975).

[14]*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

4

persons and citizens of the State of Texas who pay mortgages in the State of Texas. . . ."[15]
Consistent with that representation, Riggins referred to "plaintiffs" throughout his complaint,
indicating he seeks relief on behalf of others.  Riggins has standing to bring claims on his own
behalf, but he lacks standing to bring claims on behalf of his wife and other persons who pay
mortgages in Texas.  To the extent Riggins seeks relief on behalf of himself, the only personal
injury Riggins complained about is the foreclosure sale of his home.  As discussed below, this
court lacks jurisdiction to consider that injury.

Lack of subject matter jurisdiction.  The second reason Riggins's allegations fail is lack
subject matter jurisdiction.  Under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction
to entertain a collateral attack on a state-court order.[16]  "When issues raised in a federal court are
'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to
review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a
review."[17]  "The casting of a complaint in the form of a civil rights action cannot circumvent this
rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction,
lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'"[18]
Where subject matter jurisdiction is questioned, the plaintiff bears the burden of demonstrating
subject matter jurisdiction.[19]  In determining whether subject matter jurisdiction exists, the district

---

[15]Docket entry # 7, p. 1.

[16]*See Liedtke v. St. Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

[17]*Davis v. Bayless,* 70 F.3d 367, 375-76 (5th Cir. 1995).

[18]*Liedtke*, 18 F.3d at 317.

[19]*See Menchaca v. Chrysler Credit Corp*., 613 F.2d 507, 511 (5th Cir. 1980).

court may consider matters outside the pleadings.[20]

The issues raised by Riggins in this case are inextricably intertwined with the state-court order permitting the foreclosure sale of Riggins's home. Prior to this lawsuit, defendant Wells Fargo Bank applied for a home equity foreclosure.[21] In the application, Wells Fargo explained that Riggins and his wife borrowed money against the equity in their home[22] and defaulted on the note. Wells Fargo sought to foreclose on the note and sell the home at public auction. Wells Fargo named defendants Robert D. Valdespino, Troy Martin, Deborah Martin, Brenda Rolon, Kathleen Vargas, Ron Bedford, and Michael Zientz as trustees for the auction. On March 1, 2010, the presiding judge of the 433d Judicial District Court, Comal County, Texas—defendant Charles Ramsey—granted the application, authorizing Wells Fargo to proceed with the foreclosure sale.[23] As part of the foreclosure proceeding, Riggins likely appeared before defendant Judge Dibrell Waldrip, because Riggins complained that Waldrip "failed to provide impartiality to the plaintiff in a court setting. . . ."[24] Although references to the state-court proceeding are vague in the original complaint, Riggins complained about Wells Fargo's lawsuit and the appointment of trustees.[25] He further complained about being denied due process by Judges Ramsey and Waldrip and not having the opportunity to be heard.[26] These allegations show that Riggins seeks review of

---

[20]*Id.*

[21]*See* docket entry # 10, exh. 1.

[22]Riggins provided a copy of the note. *See* docket entry # 17, exh. 1.

[23]*See* docket entry # 10, exh. 2. *See also* docket entry # 27, exh. G.

[24]Docket entry # 7, ¶ 13.

[25]*Id.*, ¶¶ 34-36.

[26]*Id.*, ¶ 37.

the state-court order.

Riggins purported to amended his complaint in response to Wells Fargo's motion to dismiss and confirmed that he challenges the state-court order. In the response, Riggins stated that he "had a case, Comal County District Court, case no. C-2010-0090-D brought by WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF SOUNDVIEW HOME LOAN TRUST 2007-OPT5 . . . in a home foreclosure case."[27] Riggins complained about how defendant law firm Mackie, Wolf and Zientz aided and abetted in foreclosing on his home and that he had not signed a mortgage note with Wells Fargo. He also complained about defendant Kathy Smith[28] as trustee for the sale,[29] and explained why he believed the sale was unlawful[30] and constituted a RICO violation.[31] These allegations confirm that Riggins seeks review of the state-court order.

In the original complaint, Riggins also complained about "Deprivation of Rights, Deprivation of Rights Under Color of Law, Civil Action for Deprivation of Rights, . . . [and] Denial of Liberty Interest. . . ."[32] He sought "protection of their due process rights and redress for injuries . . . and protections of the 14th Amendment."[33] By so pleading, Riggins indicated he

---

[27]Docket entry # 16, ¶ 1.

[28]Kathy Smith signed the assignment of note and deed of trust, assigning Riggins's loan from Option One Mortgage Corporation to Wells Fargo Bank. *See* docket entry # 27, exh. C.

[29]Docket entry # 16, ¶¶ 11-13.

[30]*Id.*, ¶¶ 14-16.

[31]*Id.*, ¶¶ 17-22.

[32]Docket entry # 7, ¶ 23.

[33]*Id.*, ¶ 25.

brought a civil rights action.  Casting his complaint in the form of a civil rights action does not

overcome the jurisdictional bar.  Riggins may not use a civil rights action to collaterally attack the

state-court order.  Riggins could have sought review of the state-court order by appealing in state

court, but he cannot obtain that review in federal court.

Avoiding the bankruptcy court's order.  The third reason Riggins's allegations fail is that

Riggins cannot use this lawsuit to avoid the bankruptcy court's order.  The bankruptcy court may

hear and determine bankruptcy cases, to include core proceedings.[34]  That authority includes

"counterclaims by the estate against persons filing claims against the estate;" "orders to turn over

property of the estate;" and "motions to terminate, annul, or modify the automatic stay."[35]

Riggins's claims fall within these categories.

Riggins sought protection from his creditors in bankruptcy court prior to filing this

lawsuit.  As part of that proceeding, defendant attorney Michael W. Zientz, on behalf of defendant

American Home Mortgage Servicing, Inc., asked for relief from the automatic bankruptcy stay to

permit American Home Mortgage Servicing, Inc. to foreclose on Riggins's home.[36]  Riggins

responded by making many of the allegations made in this case, alleging that American Home

Mortgage Servicing, Inc. had committed theft, fraud, fraudulent concealment, fraudulent

conveyance and conversion.  He further complained about complicity by defendants Capital

Lending, Inc., Option One Mortgage Inc., and Wells Fargo Bank NA.[37]  The bankruptcy judge

---

[34]28 U.S.C. § 157.

[35]*Id.*

[36]Cause No. 10-50894-rbk, docket entry # 19 (Bankr. W.D. Tex. Mar. 23, 2010).

[37]*Id.*, docket entry # 22, Apr. 19, 2010.

lifted the stay, permitting American Home Mortgage Servicing, Inc. to foreclose on the property.

Riggins then filed this lawsuit.  By challenging the same matters in this lawsuit as in the

bankruptcy proceeding, Riggins showed that he seeks to circumvent the bankruptcy judge's order

lifting the bankruptcy stay to permit the foreclosure sale.  To the extent that Riggins seeks to

appeal the bankruptcy judge's order, the bankruptcy rules provide for appeals of bankruptcy

orders.  Riggins has not complied with those rules.

**Recommendation**.  For the reasons discussed above, I recommend dismissing this case for

lack of standing, as barred by *Rocker-Feldman* doctrine, as an attempt to circumvent the

bankruptcy judge's order, for failing to comply with a court order and for failing to prosecute.[38]

There is no need to permit Riggins to amend his complaint, because despite repeated attempts to

amend his complaint, each purported amendment contains the same deficiencies.[39]  In his most

recent attempt to amend, Riggins purported to bring criminal charges against certain defendants in

the capacity of a "Private Attorney General."  Riggins alleged the defendants commenced a

judicial foreclosure sale using fraudulent documents and unlawfully foreclosed on his property.[40]

These allegations show that Riggins seeks to challenge the state-court order, despite amendment.

---

[38]*See* Fed. R. Civ. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir.  1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").

[39]*Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985) (explaining that where the plaintiff has been given an opportunity to amend her complaint, the court may assume the plaintiff has pleaded her best case).  *See Dark v. Potter*, 293 Fed. App'x 254, 257 (5th Cir. 2008) (applying the rule to a pro se plaintiff's complaint and stating, "this court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint").

[40]Docket entry # 37, pp. 34-37.  *See also* docket entry # 27, p. 4 (complaining about filing a foreclosure action in Texas state district court).

If the district court accepts the recommendation to dismiss the case, the court can DENY: (1) Riggins's motion to stay (docket entry # 8) as barred by the *Rooker-Feldman* doctrine; (2) pending motions to dismiss (docket entry #s 10, 12, 18, 21, 25 & 26) as moot; (3) Riggins's motion for a hearing (docket entry # 31) and motion to strike (docket entry # 36) as moot; and (4) the motion to strike plaintiff's second amended complaint filed by Judges Ramsay and Waldrip (docket entry # 39) as moot.

I also recommend ADMONISHING Riggins about the requirements of Rule 11(b) of the Federal Rules of Civil Procedure and WARNING Riggins that the court will impose sanctions if he files another case violating the rule.  Under the rule, the court may sanction an unrepresented party for filing a paper advancing claims, defenses, and other legal contentions the party knows are not warranted by existing law.  This case violates the rule because Riggins advanced legal contentions he knows or should have known are not warranted by existing law—he sought to circumvent the state-court order even though he knew he could appeal the order;[41] he styled his original complaint as a civil rights claim in an effort to invoke the court's jurisdiction where no jurisdiction exists; and he attempted to act as a private attorney general to criminally sue the defendants.  I recommend that Riggins be warned that continuing to present claims, defenses and contentions without basis in this or other proceedings may result in sanctions.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the

---

[41]*See* docket entry # 37, exh. I (transcript of the state-court hearing for the application for foreclosure in which the defendant state-court judge advised Riggins, "You have a right to appeal.").

clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[42] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[43]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[44]

**SIGNED** on August 13, 2010.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[42]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[43]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[44]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).