UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ROBERT F. RIGGINS,** | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| VS. | )   Civil Action No.  SA-10-CV-293-XR |
| | ) |
| **WELLS FARGO BANK, N.A., ET AL,** | ) |
| | ) |
| *Defendants*. | ) |

**ORDER ACCEPTING UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case, filed August 13, 2010 (Docket Entry No. 40) and Plaintiff's "Administrative Notice: Request for Findings of Fact and Conclusions of Law and Affidavit to Magistrate Judge Nancy Stein Nowak and/or Judge Xavier Rodriguez" (Docket Entry No. 47), which this Court has construed as Plaintiff's Objections thereto.  After careful consideration of the Magistrate Judge's Report and Recommendation, Plaintiff's Objections, and the records in this case, the Court ACCEPTS the Magistrate Judge's recommendation to dismiss the case for lack of standing, lack of subject matter jurisdiction, attempting to circumvent the order of a Bankruptcy Judge, failure to comply with a court order, and failure to prosecute.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Robert F. Riggins, *pro se*, filed suit against 18 named and 1,000 John Doe

1

defendants for multiple causes of action, seeking declaratory and injunctive relief.[1] Plaintiff's claims related to the foreclosure of his property and procedures relating to foreclosure proceedings, generally. Plaintiff also requested that this Court stay the execution of a state court order authorizing the foreclosure sale of his home.[2] Multiple defendants filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3] Plaintiff responded to one motion to dismiss,[4] and twice purported to amended his Complaint.[5] Two defendants filed a motion to strike Plaintiff's Complaint as amended for failure to comply with Federal Rule of Civil Procedure 15.[6]

On July 12, 2010, this Court referred the case to Magistrate Judge Nancy Nowak for disposition of all pretrial matters, including ruling on all pretrial motions pursuant to 28 U.S.C. § 636 (b)(1)(A).[7] On August 13, 2010, Magistrate Judge Nowak issued a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and (C)[8] and returned the case to this Court.[9] Plaintiff received a copy of the Report via certified mail on August 29, 2010.[10] On August 27, 2010, Plaintiff

---

[1] Pl.'s Orig. Compl., May 13, 2010 (Docket Entry No. 7).

[2] Mot. to Stay Execution of State Court Judgment, June 2, 2010 (Docket Entry No. 8).

[3] Docket Entries Nos. 10, 12, 18, 21, 25, and 26.

[4] Pl.'s Resp. to Mot. to Dismiss, June 23, 2010 (Docket Entry No. 15).

[5] Pl.'s 1st Am. Compl., June 24, 2010 (Docket Entry No. 16); Pl.'s Resp. to. Mot. to Dismiss and 2nd Am. Compl., Jul. 7, 2010 (Docket Entry No. 27).

[6] Mot. to Strike, Aug. 9, 2010 (Docket Entry No. 39).

[7] Referral Order, July 12, 2010 (Docket Entry No. 30).

[8] Report and Recommendations, Aug. 13, 2010 (Docket Entry No. 40).

[9] Ord. Returning Case, Aug. 13, 2010 (Docket Entry No. 41).

[10] Certified Mail Receipt signed by Robert F. Riggins (Docket Entry No. 45).

filed two motions: (1) "Administrative Notice: Request for Findings of Fact and Conclusions of Law and Affidavit to Magistrate Judge Nancy Stein Nowak and/or Judge Xavier Rodriguez" (Docket Entry No. 47), construed as Plaintiff's Objections to the Report, and (2) "Administrative Notice; Demand for Dismissal or State the Proper Jurisdiction" (Docket Entry No. 46).

## ANALYSIS

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). This Court need not conduct a de novo review of a Magistrate Judge's Report and Recommendation if no party objects to the Report. *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). Furthermore, the Court is not required to conduct a de novo review when the only objections filed are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Fifth Circuit has ruled that "[P]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Battle,* 834 F.2d at 421. In this case, Plaintiff filed his "Administrative Notice: Request for Findings of Fact and Conclusions of Law and Affidavit to Magistrate Judge Nancy Stein Nowak and/or Judge Xavier Rodriguez" on August 27, 2010, which has been construed as his Objections to the Magistrate Judge's Report. His objections, however, are both frivolous and

conclusive. Plaintiff makes no specific objections to any of the Report's findings. Instead, he simply states his objection to Magistrate Nowak's recommendation to dismiss the case, and proceeds to repeat numerous allegations previously made in his Complaint and previous filings. Thus, the Court need not conduct a de novo review of the Report, but needs only review for findings that are clearly erroneous or contrary to law. *Wilson*, 894 F.2d at 1221.

## CONCLUSION

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *Id.* Accordingly, the Court ACCEPTS the Magistrate Judge's recommendation to dismiss this case for lack of standing, lack of subject matter jurisdiction, attempting to circumvent the order of a Bankruptcy Judge, failure to comply with a court order, and failure to prosecute. Plaintiff's case is hereby DISMISSED WITH PREJUDICE.

Accordingly, the Court DENIES (1) Riggins' motion to stay (Docket Entry No. 8) as barred by the *Rooker-Feldman* doctrine; (2) various Defendants' pending motions to dismiss (Docket Entries No. 10, 12, 18, 21, 25, and 26) as moot; (3) Riggins' motion for a hearing (Docket Entry No. 31) as moot; (4) Riggins' motion to strike (Docket Entries No. 36) as moot; (5) Judges' Ramsay and Waldrip's motion to strike Plaintiff's second amended complaint (Docket Entry No. 39) as moot; and (6) Riggins' motion to dismiss or state the proper jurisdiction (Docket Entry No. 46) as moot.

The Court also draws Plaintiff's attention to the requirements of Federal Rule of Civil Procedure 11(c), which provides that the Court may impose sanctions on an unrepresented party who files a pleading, written motion, or other paper advancing claims, defenses, or other legal contentions that the party knows are not warranted by existing law. FED. R. CIV. P. 11(c). Plaintiff has been given numerous opportunities to amend his Complaint and rectify the errors in his claims, but has

failed to do so on each occasion.  The Court warns Plaintiff that it is likely to impose sanctions if he files another case violating this rule.

The Clerk is instructed to close this case.

It is so ORDERED.

SIGNED this 20th day of September, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE